UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSHUA D.S. HAMES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

NO. CV-11-300-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 12 and Defendant's Motion for Summary Judgment, ECF No. 19. The motions were heard without oral argument. Plaintiff is represented by Lora Lee Stover. Defendant[1] is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Jessica Milano.

## I. Jurisdiction

On March 19, 2009, Plaintiff Joshua D.S. Hames filed an application for Title II disability insurance benefits (DIB) and Title XVI supplement security income (SSI). Plaintiff alleges that he has been disabled since August 12, 2007.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

His applications were denied initially on June 15, 2009, and again denied upon reconsideration on October 7, 2009. A timely request for a hearing was made. On June 25, 2010, Plaintiff appeared in Spokane, Washington before Administrative Law Judge (ALJ) R. J. Payne. Ronald M. Klein, medical expert, also appeared at the hearing. Plaintiff was represented by attorney Lora Lee Stover.

The ALJ found that although Plaintiff was disabled since May 27, 2008, the date the application was filed, a substance use disorder is a contributing factor material to the determination of disability; therefore, Plaintiff has not been disabled under the Social Security Act. Plaintiff timely requested review by the Appeals Council, which was denied on June 24, 2011. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. (42 U.S.C. §405(h)). Plaintiff filed an appeal with the U.S. District Court for the Eastern District of Washington on August 12, 2011. The instant matter is before the district court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the ALJ proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the claimant to establish a prima facie

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### IV.   Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

At the time of the hearing, Plaintiff was 30 years old. He is a high school graduate who attended some college. He indicates he attended special education classes. He has worked as a dishwasher, cook, gas station attendant, delivery driver, inventory clerk and paint prep worker.

Plaintiff maintains he is unable to work due to fantasizing about killing most men, not being able to handle authority figures, and his Crohn's disease. He suffers from depression and takes medication to deal with his depression and anxiety. He describes being sexually abused by a lot of different men and was abused in foster homes, as well as being physically and sexually abused by several people in his church. He reports his father set him up to be raped when he was 13. He describes receiving a skull fracture after being kidnaped by his mother. He indicates that when he meets men now he can find traits in his former abusers in them and he starts having problems being around them because he fantasizes about mutilating and killing them. He has mood swings, anger, and rage. He noted numerous past almost and actual altercations with people (including supervisors and co-workers) where he barely stopped himself. On one occasion, he states he placed a coworker in a trash compactor and locked it, and on another occasion, he spat on the parking meter attendant. But, he has not had any run-ins with law enforcement.

**V.    The ALJ's findings**

The ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2011. (Tr. 25.)

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 12, 2007, the alleged onset date. (Tr. 26.)

At step two, the ALJ found Plaintiff had the following severe impairments: drug induced mood disorder; personality disorders; and malingering. (Tr. 26.)

At step three, the ALJ found Plaintiff's impairments when including the substance use disorders meet sections 12.04, 12.08 and 12.09 of 20 C.F.R. Part

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

404, Subpart P, Appendix 1. (Tr. 31.) The ALJ concluded that if Plaintiff stopped the substance use, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities; therefore, Plaintiff would continue to have a severe impairment or combination of impairments. But, the ALJ concluded that if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.33.)

At step four, the ALJ found that if Plaintiff stopped the substance use, he would have the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: work alone with minimal social interaction. (Tr. 33.) The ALJ also found that if Plaintiff stopped the substance use, he would be able to perform past relevant work as a delivery driver, dishwasher, prep painter, and yard worker.

## VI. Issues for Review

Plaintiff presents the following issues with respect to the ALJ's findings:

1. The ALJ erred in disregarding the opinions of Plaintiff's providers and consultative examiners regarding Plaintiff's mental conditions;

2. The ALJ erred in assessing Plaintiff's residual functional capacities;

3. The ALJ erred in finding Plaintiff to be capable of past relevant work if substance usage was stopped; and

4. The evidence taken from the record as a whole does not support the ALJ's decision that Plaintiff is not disabled.

## VII. Discussion

### 1. Plaintiff's Credibility

In applying for disability benefits, Plaintiff stated he is unable to work due to borderline personality disorder, PTSD, OCD, and Crohn's disease. (Tr. 178.) He reported he stresses over nothing and his mind creates stressful situations. (Tr. 178.) He stated he wears dirty clothes, does not shave often, has no appetite, and

only showers when people tell him he stinks. (Tr. 199.) In dealing with people, he indicated he gets angry and distant. (Tr. 203.) He listed problems with lifting, bending, reaching, sitting, talking, stair climbing, memory, completing tasks, concentration, following instructions, and getting along with others. (Tr. 203.) He maintains he does not get along well with male authority figures and he does not handle stress or changes in routine well. (Tr. 237.) He experiences anxiety and panic. (Tr. 215.) At the hearing, Plaintiff testified he cannot get along with other males. He reported he got fired from a job for shoving a foreman in the trash compactor. He also stated he was fired or quit several jobs due to confrontations with coworkers or fantasizing about harming (including murdering) coworkers.

      The ALJ did not find him credible. The ALJ concluded that Plaintiff reported exaggerated symptoms and limitations. (Tr. 35.) In doing so, the ALJ relied on the testimony of Dr. Klein, who had reviewed Plaintiff's entire file and testified at the hearing.[2] The record contains three attempts to measure Plaintiff's personality and coping strategies, and these tests were deemed invalid all three times as Plaintiff had given "overly exaggerated responses" in all three administrations of the test. (Tr. 35.) The ALJ also noted many inconsistencies between Plaintiff's statements and the objective medical evidence. (Tr. 35.) The ALJ concluded that the records do not reflect an individual that is as seriously mentally-impaired as Plaintiff maintains he is. (Tr. 35.) The ALJ noted Plaintiff was not truthful to his medical providers regarding his marijuana use. (Tr. 36.)

---

[2]Dr. Klein concluded that Plaintiff's statements about fantasizing about killing most men, including men he has never met, can be seen as either a grossly schizophrenic psychological disorder response, or a blatant malingering response. Dr. Klein believes it was either a strange coincidence that Plaintiff was abused in three totally separate areas in his life (home, foster home, church), or another example of malingering or exaggeration.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

Also, the record demonstrates statements that are suggestive of a motivation for secondary gain, and Plaintiff is able to spend time with his girlfriend and her family, which suggests he is able to engage in social interaction if he desires. (Tr. 36.) Finally, the ALJ found Plaintiff unpersuasive when he testified at the hearing and characterized Plaintiff as being very dramatic in posturing his mental impairments. (Tr. 37.)

The ALJ specifically found Plaintiff credible with respect to his depressive symptoms, irritability, lack of motivation, and difficulty with focus and concentration. (Tr. 32.) Although not explicit, it does not appear the ALJ found Plaintiff's statements credible that he had been abused by a lot of different men in different areas (parents, foster homes, church), that he fantasizes about mutilating and killing them, and that he hears voices, that he was able to remember being in diapers and seeing his dad rape his mom.[3] Notably, the record is devoid of any reference to Plaintiff's early years,[4] or whether the reported traumatic events occurred.[5]

---

[3] Plaintiff wrote his first member of abuse was "being taped to hangers and hung in the closet to ensure my safety while my father went to the bar or just to his buddy's. (Tr. 220.) He also reports that at some point he was grounded to his room for 6 months. During that time food was delivered to his room, which had no bed or possession of any kind and he was given daily lectures. (Tr. 222.) The ALJ and Dr. Klein did not address these particular claims.

[4] Exhibit B11E contains records from the Spokane Public Schools, but they are undecipherable.

[5] The Court notes that Plaintiff identified Edmond F. Ball, the 3rd, as his stepfather. (Tr. 222.) He stated Ball was his longest father figure but also described him as his tormenter. (Tr. 222.) He referred to him as Eddy. He then went on to explain that Ball is in prison for kidnaping 2 foreign exchange students

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

Plaintiff has not challenged the ALJ's negative credibility finding. Thus, the Court will not disturb the ALJ's credibility findings.

## 2.     Materiality of Substance Abuse / Residual Functional Capacity

Plaintiff argues the ALJ erred in the assessment of Plaintiff's residual functional capacities. Specifically, Plaintiff maintains his mental impairments prevent him from performing any work on a sustained basis, regardless of any substance usage. He maintains his substance usage never rose to the level of addiction and it is not material to a finding of disability. Plaintiff points to the fact that he is being prescribed multiple medications and is still in need of counseling, which prevents him from working.

An individual is considered ineligible for disability benefits if "alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J). If the Commissioner finds that a claimant is disabled and is presented with evidence of the claimant's alcoholism or drug addiction, the Commissioner must determine whether the substance abuse is a "contributing factor material to the determination of disability." *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (*citing* 20 C.F.R. §§ 404.1535(a), 416.935(a)). In conducting this analysis, the ALJ must evaluate which impairments would remain if the claimant stopped abusing substances. 20 C.F.R. §§ 404.1535(b), 416.935(b). If the remaining limitations would still be disabling, then the claimant's substance abuse is not a material contributing factor. 20 C.F.R. §§ 404.1535(b)(2)(ii),

---

from Japan and child rape (Tr. 222.) A quick search in Westlaw reveals that in 2001 an Edmund F. Ball was sentenced to 26 years in prison for the rape of two Japanese students at Mukogawa Institute. Ball is described as a leader of the Spokane Power Exchange, a sadomasochism group. However, there is nothing in the record to substantiate Plaintiff's claim that Ball was his step-father.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

416.935(b)(2)(ii). Conversely, if the remaining limitations would not be disabling, then the substance abuse is material and benefits must be denied. 20 C.F.R. §§ 404.1535(b)(2)(I), 416.935(b)(2)(I). The claimant has the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

At the hearing, Dr. Klein testified that if marijuana use was excluded, Plaintiff would have no restriction of activities of daily living, moderate difficulty in maintaining social function, no difficulty in maintaining concentration, persistence, and pace, and no episodes of decompensation. (Tr. 59.) His only limitation would be minimal social interaction. (Tr. 60.) The ALJ relied on Dr. Klein's testimony in concluding that Plaintiff did not meet the Listings, if marijuana use was not considered.

Dr. Mabee evaluated Plaintiff on April 8, 2010. Contrary to Dr. Klein, Dr. Mabee stated that Plaintiff's mental health symptoms are not affected by his substance abuse or dependence and concluded drug treatment would not likely improve Plaintiff's ability to function in a work setting.[6] (Tr. 488.)Also, Dr. Mabee noted that Plaintiff over-reported his psychological symptom, which suggested an attempt to draw attention to his continued need for psychological support and intervention. (Tr. 491.) Although Dr. Mabee's conclusions regarding

---

[6]According to Dr. Mabee, Plaintiff has *marked limitations* in his ability to relate appropriately to co-workers and supervisors, given his difficulty with anger management, and *moderate limitations* in his ability to understand, remember and follow complex instructions, ability to learn new tasks, ability to exercise judgment and make decisions, ability to interact appropriately in public contacts, ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and ability to maintain appropriate behavior in a work setting. (Tr. 489).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

the effect of marijuana usage differ from Dr. Klein's, they both agree that Plaintiff could work with certain limitations, notably that he must work alone with minimal social interaction. (Tr. 498.)

Plaintiff does not challenge the ALJ's finding that if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the listed impairments. Rather, Plaintiff is challenging the ALJ's conclusion regarding the effect of the marijuana usage on Plaintiff's Residual Functional Capacity. However, as set forth above, the RFC is supported by the record, specifically Dr. Klein and Dr. Mabee's assessments. The fact that Plaintiff takes medication for his mental impairments does not mean that he cannot work. *See Warre v. Comm'r v. Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Even with the limited record, it appears that Plaintiff responds well to medication and counseling.

Plaintiff has not identified any evidence in the record to support his position that his limitations would be present even without substance usage.[7] Also, Plaintiff has not shown that the residual functional capacity assessment, which incorporates Dr. Klein's and Dr. Mabee's assessments, is not supported by substantial evidence.

### 3. Resolution Conflicting Medical Opinions

Plaintiff argues the ALJ improperly evaluated the medical opinions of his providers. He states his mental conditions pose far greater limitations than what was found by the ALJ.

Plaintiff was evaluated a number of times in connection with his application for public assistance benefits provided by the State of Washington and in

---

[7] Indeed, the only way to truly answer this hypothetical is for Plaintiff to abstain from marijuana use.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

connection with his application for social security benefits.

### a.     May, 2008

On May, 2008, Amy Robinson, M.S., completed a psychological/psychiatric evaluation. She found that Plaintiff had the following *mild symptoms*: suicidal trends, paranoid behavior, hallucinations; the following *moderate symptoms*: depressed mood, verbal expression of anxiety or fear, expression of anger (verbal and/or physical), social withdrawal, and physical complaints. (Tr. 283.) She identified the following diagnoses: dysthymic disorder, cannabis dependence, and borderline personality disorder with antisocial features. (Tr. 283.)

As for functional limitations, Ms. Robinson found the following *mild limitations*: ability to understand, remember, and follow simple (one or two step) instructions; the following *moderate limitations*: ability to understand, remember and follow complex (more than two step) instructions, ability to learn new tasks, ability to interact appropriately in public contacts, ability to care for self, including personal hygiene and appearance; the following *marked limitations*: ability to exercise judgment and make decisions, ability to perform routine tasks, ability to relate appropriately with co-workers and supervisors, ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, ability to control physical or motor movements and maintain appropriate behavior. (Tr. 284.) Ms. Robinson concluded Plaintiff would have significant difficulties interacting appropriately in a typical work environment. (Tr. 293.) She noted that he had difficulties with his teachers and peers. (Tr. 293.) Dr. Mabee concurred. (Tr. 294.)

### b.     April, 2009

On April 3, 2009, Plaintiff was evaluated by Kayleen Islam-Zwart, Ph.D. She concluded that Plaintiff's psychiatric symptoms are severe and he is clearly unable to work. (Tr. 322.) It appears Dr. Islam-Zwart credited Plaintiff's statements regarding his thoughts of suicide and fantasies of militating and killing

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

men, as well as his reports of sexual abuse.

She found Plaintiff had the following *mild symptoms*: motor agitation. paranoid behavior, hallucinations; the following *moderate symptoms*: physical complaints; and the following *marked symptoms*: depressed mood, suicidal trends, verbal expression of anxiety or fear, and social withdrawal: the following *severe symptoms*: expression of anger (verbal and/or physical). (Tr. 325.) She identified the following diagnoses: posttraumatic stress disorder; intermittent explosive disorder, depressive disorder NOS, somatoform disorder NOS, personality disorder, NOS. (Tr. 325.)

As for functional limitations, Dr. Islam-Zwart found the following *moderate limitations*: ability to care for self, including personal hygiene and appearance; the limitations in restriction of activities of daily living, and moderate difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace; the following *marked limitations*: ability to exercise judgment and make decisions, ability to interact in public contacts, ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and ability to control physical or motor movements and maintain appropriate behavior, and a *severe limitation* in ability to relate appropriately to co-workers and supervisors. (Tr. 326.) Notably, Plaintiff told Dr. Islam-Zwart he had not used marijuana for five weeks, but other records indicate that this was not true.

        c.     **June, 2009**

On June 12, 2009, Dr. Bailey completed a Mental Residual Functional Capacity Assessment and concluded that Plaintiff was *moderately limited* in the ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to maintain attention and concentration for extended periods. (Tr. 442-43.) No other significant limitations were identified.

        d.     **April, 2010**

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

As set forth above, Dr. Mabee conducted a psychological evaluation on April 8, 2010. *See* Footnote 6. He concluded Plaintiff could function in a work environment requiring limited social interaction, and has the cognitive capabilities necessary to meet mild to moderate intellectual requirements. (Tr. 489.)

**e.    June, 2010**

On June 25, 2010, Dr. Klein completed a Psychiatric Review Technique. (Tr. 533.) Dr. Klein concluded that Plaintiff's marijuana usage affected his limitations. He believed Plaintiff experienced mild restrictions of activities of daily living, marked difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and four or more episodes of decompensation, but if marijuana usage was excluded, these limitations would decrease to moderate difficulties in maintaining social functioning. (Tr. 543.) He concluded Plaintiff had *moderate limitations* in his ability to interact appropriately with the general public; ability to accept instructions and respond appropriately to criticism from supervisors; and ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes (Tr. 548.)

The ALJ gave great weight to Dr. Klein's testimony at the hearing because he had the opportunity to evaluate the entire file and his conclusion that Plaintiff only has moderate limitations in social interaction in work like activities is supported by the record. He gave little weight to Dr. Islam-Zwart's evaluation because she relied quite heavily on the subjective reports of symptoms and limitations provided by Plaintiff and seemed to uncritically accept as true most, if not all, of what Plaintiff reported, even in light of the fact that Plaintiff's testing scores suggested that he may exaggerate specific problems.

Dr. Mabee and Dr. Islam-Zwart are not treating physicians, but they examined Plaintiff. A nonexamining expert is generally entitled to less weight than the conclusion of an examining source. 20 C.F.R. §§ 404,1527(e), 416.927(e).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

However, giving the examining physician's opinion more weight than the non-examining expert's opinion does not mean that the opinions of non-examining sources and medical advisors are entitled to no weight. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Rather, when an examining physician's opinion is rejected by the ALJ in reliance on the testimony of a nonexamining advisor, the reports of the non-examining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it. *Id.* Moreover, an ALJ may properly consider a claimant's lack of credibility and the extent to which his physician's opinion is influenced by the claimant's own information. *Id.* at 1040. Likewise, greater weight may be given to the opinion of a non-examining expert who testifies at the hearing and is subject to cross-examination. *Id.* at 1042.

Here, the ALJ gave specific, legitimate reasons for rejecting the examining psychologist's opinions and for relying on the non-examining medical expert's opinion instead. Dr. Klein questioned Plaintiff's credibility and provided specific examples of why Plaintiff was not credible regarding his limitations and his alleged abuse. Also, Dr. Klein was available for cross-examination. Because the examining physicians relied on Plaintiff's own self-reporting, it was proper for the ALJ to give these examining psychologist's opinions less weight.

**VIII. Conclusion**

Plaintiff has not met his burden of showing that if Plaintiff stopped using marijuana he would still be disabled. Moreover, he has not met his burden of showing that the ALJ committed legal error, or that its conclusion that Plaintiff was not disabled from August 12, 2007 to July 15, 2010 was not supported by substantial evidence.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 15

Case 2:11-cv-00300-RHW    Document 23    Filed 08/14/13

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **GRANTED**.

3. The decision of the Commissioner denying benefits is affirmed.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close the file**.

**DATED** this 14th day of August, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\RHW\aCIVIL\2011\Hames (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16